

1  STEVEN L. FRIEDLANDER (SBN 154146)
   sfriedlander@svelf.com
2  ERIC G. RUEHE (SBN 284568)
   eruehe@svelf.com
3  SV EMPLOYMENT LAW FIRM PC
   160 Bovet Road, Suite 401
4  San Mateo, CA 94402
   Telephone: (650) 265-0222
5  Facsimile: (650) 265-0223

6

7  Attorneys for Defendant
   THE MITRE CORPORATION
8

9



FILED
CLERK, U.S. DISTRICT COURT

DEC - 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

10

11                    UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13                        WESTERN DIVISION

14  ROSEMARIE BRYANT,                Case No. CV13-8884(AS (JC6x)

15              Plaintiff,

16        vs.                        DEFENDANT THE MITRE
                                     CORPORATION'S NOTICE OF
17  THE MITRE CORPORATION and DOES 1  REMOVAL
    through 50, inclusive,
18
                                     Complaint Filed: October 23, 2013
19              Defendants.

20        **DEFENDANT THE MITRE CORPORATION'S NOTICE OF REMOVAL**

21        Defendant The MITRE Corporation ("MITRE"), pursuant to 28 U.S.C. §1441,

22  removes to this Court the state action described below, which is within the original

23  jurisdiction of this Court and properly removed under 28 U.S.C. §§1331 and 1367.

24        **PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

25        1.    On October 23, 2013, plaintiff Bryant filed an action, entitled *Rosemarie*

26  *Bryant, Plaintiff, vs. Mitre Corporation, Inc., Defendant*, Case No. BC-524951, against

27  MITRE in the California Superior Court in the County of Los Angeles.

28        2.    On October 24, 2013, MITRE received by mail plaintiff's Complaint and

                                     1

STEVEN L. FRIEDLANDER (SBN 154146)
sfriedlander@svelf.com
ERIC G. RUEHE (SBN 284568)
eruehe@svelf.com
SV EMPLOYMENT LAW FIRM PC
160 Bovet Road, Suite 401
San Mateo, CA  94402
Telephone:  (650) 265-0222
Facsimile:  (650) 265-0223

Attorneys for Defendant
THE MITRE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROSEMARIE BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>THE MITRE CORPORATION and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT THE MITRE CORPORATION'S NOTICE OF REMOVAL**<br><br>Complaint Filed:  October 23, 2013 |

## DEFENDANT THE MITRE CORPORATION'S NOTICE OF REMOVAL

Defendant The MITRE Corporation ("MITRE"), pursuant to 28 U.S.C. §1441, removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§1331 and 1367.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.       On October 23, 2013, plaintiff Bryant filed an action, entitled *Rosemarie Bryant, Plaintiff, vs. Mitre Corporation, Inc., Defendant*, Case No. BC-524951, against MITRE in the California Superior Court in the County of Los Angeles.

2.       On October 24, 2013, MITRE received by mail plaintiff's Complaint and

8138

Summons accompanied by a Notice and Acknowledgement of Receipt.  On November 13, 2013, within the statutory time period set forth in California Code of Civil Procedure § 415.30(c), MITRE signed the Notice of Acknowledgement of Receipt and mailed it to plaintiff.   Pursuant to California Code of Civil Procedure § 415.30(c), service of summons was completed on November 13, 2013, the date MITRE signed the Notice of Acknowledgment.  This Notice of Removal is therefore timely pursuant to 28 U.S.C. §1446(b).

3.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served upon MITRE in the State Court Action are attached to this Notice as **Exhibit A**.  These pleadings include: (a) a Copy of plaintiff's Summons, Complaint and Notice of Acknowledgement; (b) a Copy of MITRE's signed Notice of Acknowledgement dated November 13, 2013; and (c) Notice of Case Management Conference and Order to Show Cause.

4.     The California Superior Court in the County of Los Angeles is located within the Central District of California.  28 U.S.C. § 84(c).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. 1441(a).

## NO CONSENT FOR REMOVAL NECESSARY

5.     Because there are no other defendants in this action, no consent to removal is necessary.

## BASIS FOR REMOVAL

6.     **Federal Question Jurisdiction pursuant to 28 U.S.C §1331.**  This action is a civil action of which this court has original jurisdiction under 28 U.S.C §1331, and is one which may be removed to this Court by MITRE pursuant to the provisions of 28 U.S.C. §1441(a), in that plaintiff alleges claims arising under: (1) The Americans with Disabilities Act, 42 U.S.C §12111 *et seq*.; (2) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; and (3) the Family and Medical Leave Act, 29 U.S.C. Sections 2601 *et seq*.

7.     **Supplemental Jurisdiction pursuant to 28 U.S.C §1367.** Pursuant to 28

DEFENDANT MITRE'S NOTICE OF REMOVAL                                    CASE NO.

8138

U.S.C. § 1367(a), this Court has supplemental jurisdiction over plaintiff's remaining state law claims for relief due to the fact that plaintiff's state law claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## **CONCLUSION**

8.      Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for plaintiff and filed with the Clerk of the California Superior Court for the County of Los Angeles, as an exhibit to a Notice to State Court of Removal to Federal Court.  A copy of the Notice being filed in state court is attached hereto (without exhibits) as **Exhibit B**.

9.      For all of the reasons state above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1367.  Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).


Dated:  December 3, 2013                         SV EMPLOYMENT LAW FIRM PC


By: _____
         Steven L. Friedlander

Attorneys for Defendant
THE MITRE CORPORATION

DEFENDANT MITRE'S NOTICE OF REMOVAL                    CASE NO.

8138

# Exhibit A

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Marc Aaron Goldbach (SBN 139318)<br>Goldbach Law Group<br>6528 Greenleaf Ave., Suite 210<br>Whittier, CA 90601<br>TELEPHONE NO.: 562-696-0582    FAX NO. *(Optional):* 888-771-5425<br>E-MAIL ADDRESS *(Optional):* marc.goldbach@goldbachlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 9002
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Rosemarie Bryant

DEFENDANT/RESPONDENT: The Mitre Corp.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC524951 |
|---|---|

TO *(insert name of party being served):* The Mitre Corporation

| NOTICE |
|---|
| The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.<br><br>If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. |

Date of mailing: October 24, 2013

Marc Aaron Goldbach
_____
(TYPE OR PRINT NAME)

▶ *Marc A. Goldbach*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**Exhibit A, Page 4**

10/24/2013  11:15   2136207104                                    PAGE  05/05

10:16:57 a.m. 10-23-2013     2
Tm    Page 5 of 25                    2013-1  From: marc.goldbach@goldbachlaw.com marc.goldbach@goldbachlaw.com

# BY FAX

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Marc Alton Goldbach (SBN 135392)
Goldbach Law Group
6528 Greenleaf Ave., Suite 210
Whittier, CA 90601
TELEPHONE NO.: 562-696-0582    FAX NO.: 888-771-5423
ATTORNEY FOR (Name): Plaintiff, Rosemarie Bryant

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

**FILED**
**Los Angeles Superior Court**

**OCT 23 2013**

JOHN A. CLARKE, CLERK

BY DAWN ALEXANDER, DEPUTY

CASE NAME:
Rosemarie Bryant vs. The Mitre Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | CASE NUMBER: BC 524051 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Four (4)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/27/2013
Marc A. Goldbach    ▶ Marc A. Goldbach
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]            **CIVIL CASE COVER SHEET**            Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

**Exhibit A, Page 5**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**Exhibit A, Page 6**

**BY FAX**

| SHORT TITLE: Bryant vs. The Mitre Corporation | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐  A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐  A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐  A6070  Asbestos Property Damage<br>☐  A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐  A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐  A7210  Medical Malpractice - Physicians & Surgeons<br>☐  A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐  A7250  Premises Liability (e.g., slip and fall)<br>☐  A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐  A7270  Intentional Infliction of Emotional Distress<br>☐  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**Exhibit A, Page 7**

| SHORT TITLE: Bryant vs. The Mitre Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

Exhibit A, Page 8

| SHORT TITLE: Bryant vs. The Mitre Corporation | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

Exhibit A, Page 9

| SHORT TITLE: Bryant vs. The Mitre Corporation | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>2401 E. El Segundo Blvd. |
|---|---|
| CITY:<br>El Segundo | STATE:<br>CA |  ZIP CODE:<br>90245 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Los Angeles                    courthouse in the Central                    District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 10/23/13

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)     **CIVIL CASE COVER SHEET ADDENDUM**     Local Rule 2.0
LASC Approved 03-04     **AND STATEMENT OF LOCATION**     Page 4 of 4

Exhibit A, Page 10

10:16:57 a.m. 10-23-2013    |  0
Ten    Page 2 of 33

2015-1  From: marc.goldbach@goldbachlaw.com marc.goldbach@goldbachlaw.com

131-FAX

SUMMONS
(CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
The Miro Corporation; and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Rosemarie Bryant

FILED
Los Angeles Superior Court

OCT 23 2013

JOHN A. CLARKE, CLERK

BY DAWN ALEXANDER, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California,
County of Los Angeles, Central District, 111 North Hill Street, Los
Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*  BC 5 2 4 9 5

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JOHN A. CLARKE

DATE: 10-23-13
*(Fecha)*                          Clerk, by          DAWN ALEXANDER          Deputy
                                   *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

SUMMONS

**Exhibit A, Page 11**

10/24/2013  11:15    2136207104                                                    PAGE  02/05

HUCCT
90245

DEPT #50
(HON. JOHN L. SEGAL)

MARC AARON GOLDBACH (SBN 130318)
GOLDBACH LAW GROUP
5528 Greenleaf Avenue, Suite 210
Whittier, CA 90601
Telephone:    (562) 696-0582
Facsimile:    (888) 771-5424
Email:    marc.goldbach@goldbachlaw.com

Attorneys for Plaintiff ROSEMARIE BRYANT

**FILED**
Los Angeles Superior Court

OCT 23 2013

JOHN A. CLARKE, CLERK

BY DAWN ALEXANDER, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BC524051

| | |
|---|---|
| ROSEMARIE BRYANT, | COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVERNMENT CODE § 12900 ET SEQ.; THE AMERICANS WITH DISABILITIES ACT, 42 USC § 12111 ET SEQ.; SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. 794; DECLARATORY RELIEF; RETALIATION; SEX DISCRIMINATION; VIOLATION OF LABOR CODE SECTION 1102.1; VIOLATION OF GOVERNMENT CODE SECTION 12945.2 ET SEQ; AND VIOLATION OF 29 U.S.C. SECTIONS 2601-2654 ET SEQ. |
| Plaintiff, | |
| v. | |
| THE MITRE CORPORATION, and DOES 1 THROUGH 50, INCLUSIVE, | |
| Defendants. | |

BY FAX

RECEIPT #: CDR481620005
DATE PAID: 10/24/13 10:02 AM
PAYMENT: $435.00
RECEIVED: 310
  CHECK:            $435.00
  CASH:               $0.00
  CHANGE:             $0.00
  CARD:               $0.00

**Exhibit A, Page 12**

**INTRODUCTION**

1. This action under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12920 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq.*, Labor Code Section 1102.1, Government Code Section 12945.2 et seq., and 29 U.S.C. Sections 2601-2654 et seq., seeks to correct unlawful employment practices committed by The MITRE Corporation ("MITRE") against Plaintiff. This action seeks damages, and equitable and injunctive relief for the named Plaintiff.

2. Plaintiff began her employment with MITRE in January, 2005 in Bedford, Massachusetts as an Intelligence, Surveillance, and Reconnaissance Engineer. In 2010, Plaintiff was put on temporary assignment in the El Segundo, California office with the intention of permanently transferring to the El Segundo, California office in 2012. In May of 2012 Plaintiff began experiencing severe medical problems. Plaintiff was approved for a medical leave of absence for her own serious health condition from May 30, 2012 to August 16, 2012. Plaintiff had surgery which resulted in unfortunate infections and health complications. On or around November 16, 2012 Plaintiff's doctor requested reasonable accommodations for Plaintiff to be able to perform the essential functions of her job.

3. Plaintiff was harassed, discriminated against, and retaliated against for taking an FMLA leave of absence and having a real and/or perceived medical condition that limits a major life activity. MITRE also failed to reasonably accommodate Plaintiff and failed to engage in the interactive process with Plaintiff. As a result of taking an FMLA leave of absence, requesting reasonable accommodation, and having a real and/or perceived disability, Plaintiff has been denied a permanent transfer to El Segundo and has been denied or taken off multiple projects. The State has regularly failed to provide and has denied reasonable accommodations to its employees who are deaf that are necessary for effective communication.

4. MITRE's pattern and practice of refusing to reasonably accommodate its employees on medical leave, with disabilities and other medical conditions, failing to engage in a timely good faith interactive process to determine reasonable accommodations for its employees

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

Exhibit A, Page 13

1

1   on medical leave, with disabilities and other medical conditions, and failing to take all reasonable

2   steps to prevent discrimination, harassment and retaliation from occurring, results in workplace

3   conditions that cause isolation, exclusion, prejudice, and overall pervasive discrimination. Such

4   policies, practices and procedures not only violate FEHA, the ADA and the Rehabilitation Act,

5   but also violate MITRE's own policy of being a model employer of individuals with disabilities.

6   Cal. Gov. Code § 12803.6(a)(3) *et seq.*

7                                                     **JURISDICTION**

8          5.     Jurisdiction is proper in the Superior Court of California. The FEHA states that

9   "the superior courts of the State of California shall have jurisdiction of those actions, and the

10   aggrieved person may file in these courts." Cal. Gov't Code § 12965(b). In addition, the

11   Superior Court of California has concurrent jurisdiction over Plaintiffs' claims brought under the

12   Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973, as Congress has not

13   divested state courts of their jurisdiction to hear such claims. *See, e.g.,* 42 U.S.C. § 12202; 42

14   U.S.C. § 2000e-5(f); 29 U.S.C. § 794a.

15                                                     **VENUE**

16          6.     An action may be brought in any county in the state in which the unlawful practice

17   is alleged to have been committed, in the county in which the records relevant to the practice are

18   maintained and administered . . . but if the defendant is not found within any of these counties an

19   action may be brought within the county of defendant's residence or principal office  Cal. Gov't

20   Code § 12965(b).   Plaintiff Rose Marie Bryant has alleged unlawful employment practices that

21   occurred in Los Angeles County. Defendant maintains offices and operations, and is found

22   within, this county.

23                                                     **PARTIES**

24          7.     Plaintiff is an employee working for The Mitre Corporation, who is disabled,

25   suffers from a serious medical condition, and is on medical leave. Plaintiff has been and is being

26   discriminated against, harassed, and retaliated by Defendants' through the denial of promotion,

27   denial of transfer, the denial of reasonable accommodations in the workplace in violation of the

28   FEHA, the ADA, and the Rehabilitation Act. Plaintiff's complaint of discrimination filed with

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

2

**Exhibit A, Page 14**

1   the DFEH is attached as Exhibit A.

2        8.   Plaintiff holds an Applied Technologies in Communication degree from the U.S.

3
4   Air Force, a Masters in Business Administration ("MBA ") from Nichols College, and a Master

of Science Engineering Management ("MSEM") from Tufts University.

5        9.   Prior to working for MITRE , Plaintiff was an active duty Air Force Intelligence

6   Systems Analyst for five years, where she supported Joint Forces and Air Combat Command

7   ("JFACC ") operations.  Plaintiff subsequently worked as an Intelligence Systems Engineer at PE

8   Systems , Inc. at Hanscom Air Force Base in Massachusetts.

9        10. Plaintiff has over thirteen years in Joint Department of Defense ("DoD") and Air

10  Force ("AF") operations, where she specialized in Command, Control, Communications, and

11  Computer Intelligence, Surveillance and Reconnaissance ("C4ISR") development and

12  integration, network design fielding, and Information Assurance ("IA").

13       11. Plaintiff began working for MITRE in January of 2005 at its facilities in

14  Bedford, Massachusetts.  She started as an Intelligence, Surveillance, and Reconnaissance

15  engineer ("ISR").  She has had a number of critical roles on high level projects throughout her

16  employment with MITRE.  She was the Deputy Lead Engineer for the Pacific Falconer weapons

17  system installation at Hickman Air Force Base, Hawaii and Osan Air Base, Republic of Korea.

18       12. Plaintiff's duties included oversight of a ten million dollar system budget and a

19  team of fifteen ( 15) engineers including C2ISR systems, communications, networking,

20  information insurance, and configuration management discipline.  Plaintiff was one of

21  approximately five individuals who received the prestigious Program Recognition Award for her

22  work on the Falconer project.

23       13. During the first two years of her employment with MITRE, Plaintiff went from an

24  ISR Engineer to an ISR and Network Engineer, and finally to the Deputy Lead of the entire

25  Falconer project.  Plaintiff was also the Lead Technical Engineer on the Tiger team effort which

26  involved the Special Operations Command Europe wide area network.  Plaintiff received another

27  Program Recognition award for her work on this project.

28

**Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.**

1    14. In late 2009, Plaintiff was handpicked to be the lead network communications

2    engineer for the next generation Global Positioning System ("GPS") . In December of 2009

3    Plaintiff worked in Southern California on the Transformational Satellite Communications

4    System ("TSAT") project on a temporary basis.  From December 2009 to July 2010 Plaintiff

5    resided in a hotel, received per diem, and was reimbursed for her expenses on a monthly basis .

6    15. Commencing in July of 2010 Plaintiff was put on a temporary assignment in El

7    Segundo, California to work on the GPS project which she had been working on since February

8    of 2010.  On July 26, 2011 Plaintiff was notified that her "temporary assignment" in El Segundo

9    had been renewed for another twelve months.  She was told that these were the first steps in her

10   permanent transfer to California .

11   16. In or around November of 2011 Plaintiff heard that the GPS project was going to

12   have a reduction in headcount from approximately thirty-five to nine employees so she began the

13   process of looking for another position at El Segundo.

14   17. On February 2, 2011, John Derby ("Derby") had offered Plaintiff a lead engineer

15   opportunity (AC4 role) on the Launch Range project. Ms . Bryant declined the invitation so she

16   could continue to work on her responsibilities on the JMS project.

17   18. Although Plaintiff had denied Derby's previous offer to join the Launch Project,

18   on November 9, 2011 she reached out to Richard Stuebe ("Stuebe"), Derby's subordinate, and

19   told him that she was looking for another position in the El Segundo area because she felt she

20   would be losing her position in GPS as a result of a headcount reduction.  On November 9, 2011,

21   Mr. Stuebe sent Plaintiff an email stating, "Well, I really want you!" and agreed to put Plaintiff

22   on the Joint Space Operation Center ("JSPOC") Mission System ("JMS") project.  Mr. Stuebe

23   also acknowledged in his email that Plaintiff was intending to run out her TDY costs indicating

24   that she planned to stay in El Segundo on a permanent basis .

25   19. Plaintiff began working on the JMS project in January of 2012.  She was

26   supervised by Mr. Stuebe.  From January through May of 2012 Plaintiff's work on the project

27   was exemplary.  In fact, in March of 2012 Plaintiff was nominated by the MSEC to attend the

28   National Space Symposium as MITRE's junior engineer recipient.  She was also nominated for a

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

Exhibit A, Page 16

4

1   technical award in April of 2012. Plaintiff was specifically told by Dr. Sean McKenna

2   ("McKenna") and Dr. Michael Ryan ("Ryan") that she was a candidate for promotion in April of

3   2012.

4         20. In May of 2012 Plaintiff began experiencing severe medical problems. She was

5   approved for a medical leave of absence for her own serious health condition from May 30, 2012

6   to August 16, 2012.

7         21. Plaintiff had surgery which resulted in unfortunate infections and health

8   complications. On or around November 16, 2012 Ms. Bryant's doctor filled out a form which

9   described her treatment as follows : "To Whom It May Concern: Ms. Bryant underwent surgery

10   on May 30, 2012. Since then Ms. Bryant has been recovering and dealing with reoccurring

11   fissures as well as infections. It is very important that she is able to soak in a sitz bath after every

12   bowel movement to ensure proper healing and decreased reoccurrence of infections. This could

13   range from one- to three times a day and/or 0-24 hours a week with a duration period from

14   September 28, 2012 through December 31, 2012…"

15         22. Plaintiff's decision to go on a medical leave ruined her professional reputation

16   and career at MITRE Corporation. When she attempted to work from home during her leave

17   period to assist with the JMS project, Plaintiff was falsely accused of using her medical

18   condition as an excuse not to get work done. In fact, the situation was so bad that during early

19   July of 2012, Plaintiff was told that she had to return to work before the expiration of her FMLA

20   leave and work eight hours a day.

21         23. Plaintiff has written correspondence and documentation which demonstrates the

22   animus that was created against her because of her disability and medical leave. For instance, on

23   July 12, 2012, Plaintiff had an email exchange with Mr. Stuebe wherein she told him about her

24   employment situation. During the course of this exchange, Mr. Stuebe informed Plaintiff that

25   her medical leave was being rescinded and she was going to have specific restrictions put on her

26   that apparently are not applicable to other employees. Although Mr. Stuebe subsequently

27   rescinded these requirements and told Plaintiff that he could not force her to return while she was

28   on medical leave, this July 12, 2012 correspondence is extremely troubling. Mr. Stuebe

**Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.**

5

**Exhibit A, Page 17**

1    references that Plaintiff's decision to take medical leave has created questions about her

2    "commitment" and need to "correct some of the impressions that had formed about her work

3    habits." His acknowledgment that these impressions even existed, whether they are "true or not,"

4    and have to be worked through demonstrates a clear discriminatory intent.  An employee's need

5    for medical leave as a result of a disabling condition should not be used by managers as a means

6    to question their work ethic.

7            24.   These issues caused Plaintiff extreme emotional turmoil and she reached out to Dr.

8    Michael Ryan, the executive director of MITRE Space Programs.  Dr. Ryan provided Plaintiff

9    with a statement dated February 13, 2013 which describes illegal behavior that he has witnessed

10   at the company directed toward Plaintiff.

11           25. For example, Dr. Ryan stated that in early August of 2013 he was having a

12   discussion with Mr. John Woodward of MITRE about Plaintiff being brought on to support the

13   JMS program.  Mr. Woodward specifically stated that he would not do so, "based on managers

14   under him advice and his own experience with Plaintiff.  Mr. Woodward asked Dr. Ryan if he

15   knew she was a lesbian." Dr. Ryan states he did not know how to respond.  Mr. Woodward then

16   went on to state that Plaintiff's lover is Ms. Kelly McSweeny, another MITRE employee, also

17   located at the El Segundo, California site.  Mr. Woodward also told Dr. Ryan that the two of

18   them were inseparable while they were working together at the MITRE Bedford, Massachusetts

19   campus.

20           26. Mr. Woodward is the direct supervisor of John Derby who supervised Rich Stuebe.

21   Mr. Woodward's statements demonstrate direct evidence of discrimination against Plaintiff

22   based on her gender and perceived sexual orientation.

23           27. Dr. Ryan also discussed in the February 13 statement a November12, 2012

24   conversation he had with Mr. Josh Collens, MITRE's Air Force Space Portfolio Director.  During

25   their conversation, Mr. Collens was upset at Dr. Ryan for allegedly interfering with Dr. Jim

26   Dimarogonas' supervisor responsibilities over Plaintiff.  Dr. Ryan explained that Plaintiff had

27   come to him seeking advise and used him as a mentor.  Dr. Ryan stated that he was helping

28   Plaintiff with a relocation request, after a two year temporary assignment to the El Segundo site.

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

6

Exhibit A, Page 18

1    Dr. Ryan went on to describe his further conversation with Mr. Collens as follows: "He went on

2    to say that Dr. Dimarogonas was unhappy with Plaintiff's performance and work habits. I tried

3    to explain that Ms. Bryant was only allowed to work part- time, if that, because she was on

4    family and medical leave act ("FMLA") time, what is known at MITRE as "D" time, after a

5    serious operation. Despite that she was trying to work from home and was coming into work

6    when she wasn't in too much pain, against her doctors orders. Mr. Collens implied that Ms.

7    Bryant was using FMLA as an excuse to get out of work and might be in collusion with her

8    doctor. Mr. Collens went on to say that he wished he had not recommended to Mr. John Wilson

9    , Ms. Bryant's technical director and to Mr. John Hamalin , Ms. Bryant 's department head, that

10   they transferred her from division G060 to division EI30 and that he was going to have to call

11   and apologize to both of them, because according to Dr. Dimarogonas Ms. Bryant wasn 't

12   working out."

13       28. Dr. Ryan went on in his statements to recite his views on the unlawful harassment

14   and discriminatory treatment that Plaintiff has been subjected to at the El Segundo site. Dr. Ryan

15   noted that there has been an impression from the "busy bodies" at MITRE that while Plaintiff

16   was working from home she was not actually working but taking advantage of the system.  Dr.

17   Ryan's statement is direct evidence of knowledge by managing agents of MITRE that Plaintiff

18   was being discriminated against at MITRE based on her disability, need for medical leave,

19   gender, and perceived sexual orientation.

20       29.  When Ms. Plaintiff returned to work in late August of 2012 her medical condition

21   necessitated that she take intermittent leave.  In an August 28, 2012 email to MITRE

22   management, Plaintiff stated that she wanted to "advise you both that my second set of FMLA

23   paperwork came through and it authorizes me to take up to eight (8) hours per day five (5) days a

24   week until December 31, 2012 as necessary due to the sensitivity of my condition and the care

25   required to ensure I care for my wounds and remain healthy.  I certainly do not expect to use this

26   time unless absolutely necessary."

27       30. Plaintiff stated in her August 28, 2012 email that "given recent malicious rumors I

28

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

7

Exhibit A, Page 19

1   am doing my best to maintain transparency." The rumors Plaintiff referenced were the

2   statements made by Mr. Woodward concerning her alleged status as a "lesbian," and the constant

3   complaints about her alleged work ethic resulting from her disability and need for medical leave.

4       31. Plaintiff was released from the JMS project once it was realized her ongoing

5   medical needs required further accommodations consisting of intermittent medical leave.  In the

6   fall of 2012, Plaintiff was transferred to the Commercial MILSATCOM project.  Plaintiff had to

7   accept this project even though it was not in her area of expertise because no other project was

8   willing to accept her despite her background and extensive expertise.

9       32. During the fall and through January and February of 2013 Plaintiff did

10  everything she could to obtain permanent employment in the El Segundo site and get her

11  relocation package approved.  Because of the rumors and disparaging remarks made about her

12  work ethic resulting from her disability, Plaintiff had a difficult time obtaining work at the El

13  Segundo site. Her supervisor told her that her "erratic schedule" and the necessity of "being out

14  of the office so often" had caused managers not to want her on their projects.

15      33.  On February 14, 2013, Dr. Dimarogonas sent Plaintiff an email which sums up his

16  Perceptions: "Is this project the best project we have in El Segundo? No.  Is it the most

17  efficiently run project? No. Was the direction that Mark gave you clear and unambiguous? No.

18  But it has two things in common with all other project areas in El Segundo, including OPS,

19  MILSATCOM, and SY: 1) you have worked on all of them and 2) at some point the project

20  leader has requested you be removed off the project for all of them.  We don't have any other

21  projects in El Segundo, this was a full set.  So if we don't resolve this on Tuesday, I will have to

22  take it up to Josh (and potentially get John Wilson involved) and convince him to place you on a

23  project that the project leader has already removed you in the past twelve months.  And I will do

24  my best to make it happen, but you can imagine how well that will go with the project leaders.

25  So let's see if we could resolve on Tuesday so we don't have to go there . I think the last

26  document you sent is definitely a step in the right direction."

27      34. Dr. Dimarogonas' statement sums up exactly what happened to Plaintiff.  She

28  was a valued and rapidly progressing employee whose work was demanded on multiple projects

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

8

Exhibit A, Page 20

1    at the El Segundo site. She became disabled with a horrific ailment which required medical

2    leave for surgery, and intermittent medical leave to enable her to heal from the operation. While

3    on medical leave Plaintiff was referred to as a lesbian by upper management at MITRE, and had

4    her work ethic questioned. Her immediate supervisor told her that this is a problem he had seen

5    in the past and did not know if she could overcome these perceptions even if they were not

6    accurate. When she eventually returned to work, she was accused of using her FMLA leave as

7    an excuse to avoid work.

8       35. The damage that has been done to Plaintiff's reputation at MITRE is irreparable.

9    It has effected virtually every aspect of her job. For example Plaintiff put in substantial amount

10   of time preparing for a presentation at a recent board of trustee meeting. There are four people

11   that were principally responsible for preparing the presentations. Plaintiff was the only one who

12   was not invited to the board of trustees dinner after the meeting. This is just one more aspect of

13   discriminatory treatment.

14      36. Plaintiff has recently been given the label of "in between assignments" which is the

15   methodology that MITRE uses to get rid of its employees. Her salary has been moved to 100%

16   overhead, and managers are not willing to pick her up for their projects because of her false

17   reputation of seeking to avoid work.

18      37. On March 18, 2013, Plaintiff had a meeting with Dr. Dimarogonas, wherein he

19   Told her that he was unable to find coverage for her because she is not dependably in the office

20   all of the time. Specifically, he said, whether true or not, there is a perception that she is out of

21   the office too often and has an erratic schedule, and that as a result of this perception, project

22   leaders feel that they cannot rely on her. Further, Dr. Dimarogonas told Plaintiff that if she

23   cannot find coverage soon, Mr. Hamalainen, her Department Head, will draft a "letter of

24   concern" stating that she cannot find employment because of (1) her time out of the office and

25   erratic medical schedule; and (2) her ability to manage her time for deliverables. Dr.

26   Dimarogonas ended the conversation by telling Plaintiff that she was highly regarded for her

27   level of expertise. Dr. Dimargonoas's compliment to Plaintiff clearly shows that any difficulties

28   in obtaining work is due to Plaintiff's medical leave of absence and subsequent medical problems

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

9

Exhibit A, Page 21

1    - this conduct is illegal.

2    38. The March 18, 2013 conversation shows direct discriminatory animus.  Dr.

3    Dimarogonas's statement that Plaintiff cannot find coverage because of her time out of the office

4    and "erratic medical schedule" reiterates Mr. Stuebe's July 2012 comments about Plaintiff's

5    medical leave and the impressions that formed about her work habits as a direct result of her

6    medical leave. These illegal comments illustrate the widespread discriminatory intent among

7    MITRE management.

8    39.    Defendants continue to maintain a pattern and practice of failing to provide

9    reasonable accommodations to facilitate effective communication between Plaintiff and her co-

10   workers, colleagues, supervisors, and managers.

11
12   **FIRST CAUSE OF ACTION FOR VIOLATION OF THE FAIR
     EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE § 12900 ET SEQ.
     BY THE PLAINTIFF AGAINST DEFENDANTS**
13

14   40.    Plaintiffs hereby incorporate by reference each of the preceding allegations as if

15   fully set forth herein.

16   41.    California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §

17   12900 *et seq.* (2009), provides that, "The opportunity to seek, obtain, and hold employment

18   without discrimination because of . . . physical disability . . . is hereby recognized as and

19   declared to be a civil right." Cal. Gov't Code § 12921(a).

20   42. · The purpose of FEHA is to safeguard the right and opportunity of all persons to

21   seek, obtain, and hold employment without discrimination or abridgment on the account of, *inter*

22   *alia*, disabilities.  FEHA recognizes that the practice of denying employment opportunities and

23   discriminating in terms of employment foments domestic strife and unrest, deprives the State of

24   the fullest utilization of its capacities for development and advancement, and substantially and

25   adversely affects the interest of employees, employers, and the public in general.  Cal. Gov't

26   Code § 12920.

27

28

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

10

Exhibit A, Page 22

43.   Plaintiff is an individual with disabilities within the meaning of FEHA, and is entitled to its guarantees of full and equal access to employment. Cal. Gov't Code § 12926.1.

44.   FEHA explicitly covers MITRE as an employer. Cal. Gov't Code § 12926(d). Defendant is an "employer" within the meaning of FEHA. Cal. Gov't Code § 12926.2.

45.   Defendants have and continue to commit an "unlawful employment practice" through the policy, pattern and practice, as alleged herein, of discriminating against Plaintiff in the "terms, conditions, or privileges of employment." Cal. Gov't Code § 12940(a).

46.   Defendants have and continue to commit an "unlawful employment practice" through the policy, pattern and practice, as alleged herein, of denying reasonable accommodations to its employees who are known to have disabilities and other medical conditions, and who have taken authorized medical leave of absence. Cal. Gov't Code § 12940(m).

47.   Defendants have committed an "unlawful employment practice" through the policy, pattern and practice, as alleged herein, of "fail[ing] to engage in a timely, good faith interactive process . . . to determine effective reasonable accommodations . . . in response to a request for reasonable accommodations" by Plaintiff. Cal. Gov't Code § 12940(n).

48.   Defendants have committed an "unlawful employment practice" through the policy, pattern and practice, as alleged herein, of "fail[ing] to take all reasonable steps necessary to prevent discrimination . . . from occurring." Cal. Gov't Code § 12940(k).

49.   Because Defendants have violated and continue to violate FEHA, Plaintiff is entitled to injunctive relief, remedying the discrimination. Cal. Gov't Code § 12900 *et seq.*

50.   The FEHA further provides that in actions brought under its provisions, that "the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees. . .". Cal. Gov't Code § 12965(b).

51.   WHEREFORE, Plaintiff prays for judgment as set forth below.

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

11

Exhibit A, Page 23

## SECOND CAUSE OF ACTION FOR VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111, ET SEQ.
## BY THE PLAINTIFF AGAINST ALL DEFENDANTS

52. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

53. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111.

54. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

55. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individuals in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Defendant has violated this obligation through its actions and failure to act for the reasons set forth herein.

56. Defendants have discriminated against Plaintiff because of her disabilities, and continue to discriminate against Plaintiff because of her disabilities, by "limiting, segregating, or classifying . . . employee[s] in a way that adversely affects the opportunities or status of . . . employee[s] because of the disability of such . . . employee[s].' 42 U.S.C. § 12112(b)(1).

57. Defendants have discriminated against Plaintiff because of her disabilities, and continue to discriminate against Plaintiff because of her disabilities, by "participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified . . . employee[s] with a disability to the discrimination prohibited by the [ADA]." 42 U.S.C. § 12112(b)(2).

58. Defendants have discriminated against Plaintiff because of her disabilities, and continue to discriminate against Plaintiff because of her disabilities, by "utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control." 42 U.S.C. § 12112(b)(3)(A)-(B).

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

12

Exhibit A, Page 24

59.    Defendants have discriminated against Plaintiff because of her disabilities, and continue to discriminate against Plaintiff because of her disabilities, by "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee . . ." 42 U.S.C. § 12112(5)(A).

60.    Defendants have discriminated against Plaintiff because of her disabilities, and continue to discriminate against Plaintiff because of her disabilities, by "denying employment opportunities to . . . employee[s] who [are] otherwise qualified individual[s] with a disability . . . because. . . denial is based on the need of such covered entity to make reasonable accommodation to the physical . . . impairments of the employee." 42 U.S.C. § 12112(5)(B).

61.    Defendants have discriminated against Plaintiff because of her disabilities, and continue to discriminate against Plaintiff because of her disabilities, by "using qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with a disabilities . . ." 42 U.S.C. § 12112(6).

62.    Defendants' conduct is a violation of Title I of the ADA and on account thereof, Plaintiff is entitled to recover the expenses of this litigation, including, but not limited to, reasonable attorneys' fees and costs for which Defendants are liable to Plaintiffs. 42 U.S.C § 12117(a).

63.    WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION FOR VIOLATION OF
### THE REHABILITATION ACT OF 1973, 29 U.S.C. 794 ET SEQ.
### BY THE PLAINTIFF AGAINST ALL DEFENDANTS

64.    Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

65.    The Rehabilitation Act requires that "[N]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . ." . 29 U.S.C. §794(a).

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

Exhibit A, Page 25                                                        13

66. "'[P]rogram or activity' means all of the operations of – a department, agency . . . or other instrumentality of a State or of a local government or the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government." 29 U.S.C. §794(b)(1)(A)-(B).

67. As a direct and proximate result of the systemic policies, practices and omissions alleged herein, Plaintiff has been excluded from participation in, denied the benefits of, and subjected to discrimination under numerous programs and activities of Defendants that receive Federal financial assistance.

68. WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
## FOR DECLARATORY RELIEF BY THE PLAINTIFF AGAINST ALL DEFENDANTS

69. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

70. Plaintiff contends, and is informed and believe that Defendants deny that Defendants have failed and are failing to comply with applicable laws prohibiting discrimination against persons with disabilities in violation of the FEHA, Cal. Gov't Code § 12900 *et seq.*, the ADA, 42 U.S.C. § 12111 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

71. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION FOR RETALIATION BY PLAINTIFF AGAINST
## ALL DEFENDANTS

72. Plaintiff hereby incorporates by reference each of the preceding allegations as if fully set forth herein.

73. During the course of plaintiff's employment with defendant, she complained to defendants about defendants' harassing and discriminatory treatment of her, and complained about defendants' sexually hostile and offensive environment. As alleged above, defendants

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

14

Exhibit A, Page 26

1 | retaliated against plaintiff for making these complaints.

2 | 74. Defendants' treatment of plaintiff was in violation of Government Code Section

3 | 12940(f).   Within the time provided by law, plaintiff filed a complaint with the California

4 | Department of Fair Employment and Housing and received a right-to-sue letter.

5 | 75. As a proximate result of defendants' conduct, plaintiff has sustained and continues

6 | to sustain substantial losses in earnings and other employment benefits and continues to suffer

7 | humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a

8 | sum according to proof.

9 | 76. Defendants' conduct as described above was willful, despicable, knowing, and

10 | intentional; accordingly, plaintiff seeks an award of punitive and exemplary damages in an

11 | amount according to proof.

12 | 77. Plaintiff has incurred and continues to incur legal expenses and attorney fees.

13 | Plaintiff is presently unaware off the precise amount of these expenses and fees and prays leave

14 | of court to amend the complaint when the amounts are more fully known.

15 | WHEREFORE, Plaintiff prays for relief as set forth below.

16 | **SIXTH CAUSE OF ACTION FOR SEX DISCRIMINATION BY PLAINTIFF AGAINST**

17 | **ALL DEFENDANTS**

18 | 78. Plaintiff hereby incorporates by reference each of the preceding allegations as if

19 | fully set forth herein.

20 | 79. At all times herein mentioned, Government Code Sections 12940 et seq. were in

21 | full force and effect and were binding on defendants.   These sections require defendants to

22 | refrain from discriminating against any employee on the basis of sex, among other things.

23 | Within the time provided by law, plaintiff filed a complaint with the California Department of

24 | Fair Employment and Housing, in full compliance with these sections, and received a right-to-

25 | sue letter.

26 | 80. During the course of plaintiff's employment, defendants made numerous

27 | discriminatory remarks on the basis of plaintiff's sex, and after a significant period of wholly

28 | satisfactory, competent, and diligent performance to the profit of the defendants, plaintiff was

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

15

Exhibit A, Page 27

1  notified by defendants that her request for promotion and/or transfer was being denied because of

2  performance problems.  Defendants' claim that plaintiff was being denied a promotion and/or

3  transfer  because of performance problems, however, was a pretext designed to conceal

4  defendants' practice of discriminating against plaintiff on the basis of her gender.

5        81.  Plaintiff believes and thereon alleges that her sex was a factor in defendants'

6  refusal to promote her and/or transfer her, their refusal to give her a salary increase and bonuses

7  that she was promised.  Such discrimination is in violation of Government Code Section 12940

8  et seq. and has resulted in damage and injury to plaintiff as alleged herein.

9        82.  As a proximate result of defendants' willful, knowing, and intentional

10  discrimination against plaintiff, she has sustained and continues to sustain substantial losses in

11  earnings and other employment benefits.

12        83.  As a proximate result of defendants' will, knowing, and intentional discrimination

13  against plaintiff she has suffered and continues to suffer humiliation, emotional distress, and

14  mental and physical pain and anguish, all to her damage in a sum according to proof.

15        84.  In light of defendants' willful, knowing, and intentional discrimination against

16  plaintiff, plaintiff seeks an award of punitive and exemplary damages in an amount according to

17  proof.

18        85.  Plaintiff has incurred and continues to incur legal expenses and attorney fees.

19  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

20  court to amend this complaint when the amounts are more fully known.

21        WHEREFORE, Plaintiff prays for relief as set forth below.

22  **SEVENTH CAUSE OF ACTION FOR VIOLATION OF LABOR CODE SECTION**

23  **1102.1 BY PLAINTIFF AGAINST ALL DEFENDANTS**

24        86. Plaintiff hereby incorporates by reference each of the preceding allegations as if

25  fully set forth herein.

26        87. Labor Code Section 1102.1 provides, in pertinent part, that discrimination against

27  an employee on the basis of actual or perceived sexual orientation is prohibited.

28        88.  Labor Code Section 1103 makes a violation of Labor Code Section 1102.1 a

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

1 | misdemeanor.

2 | 89. In discriminating plaintiff, Defendants have violated Labor Code Section 1102.1.

3 | WHEREFORE, Plaintiff prays for relief as set forth below.

4 | **EIGHTH CAUSE OF ACTION FOR VIOLATION OF GOVERNMENT CODE**

5 | **SECTION 12945.2, ET SEQ. BY PLAINTIFF AGAINST ALL DEFENDANTS**

6 | 90. Plaintiff hereby incorporates by reference each of the preceding allegations as if

7 | fully set forth herein.

8 | 91. At all times herein mentioned, Government Code Sections 12945.2 et seq. were in

9 | full force and effect and were binding on defendants.  These sections require defendants to

10 | refrain from discriminating against any employee for taking family medical leave.  Within the

11 | time provided by law, plaintiff filed a complaint with the California Department of Fair

12 | Employment and Housing, in full compliance with these sections, and received a right-to-

13 | sue letter.

14 | 92. During the course of plaintiff's employment, defendants made numerous

15 | discriminatory remarks on the basis of plaintiff having taken or taking family medical leave, and

16 | after a significant period of wholly satisfactory, competent, and diligent performance to the profit

17 | of the defendants, plaintiff was notified by defendants that her request for promotion and/or

18 | transfer was being denied because of performance problems.  Defendants' claim that plaintiff

19 | was being denied a promotion and/or transfer  because of performance problems, however, was a

20 | pretext designed to conceal defendants' practice of discriminating against plaintiff on the basis of

21 | her having taken family medical leave.

22 | 93.  Plaintiff believes and thereon alleges that her having taken family medical leave

23 | was a factor in way plaintiff has been harassed and otherwise unlawfully treated, as wekk as

24 | defendants' refusal to promote her and/or transfer her, their refusal to give her a salary increase

25 | and bonuses that she was promised.  Such unlawful discrimination is in violation of Government

26 | Code Section 12945.2 et seq.  and has resulted in damage and injury to plaintiff as alleged

27 | herein.

28 | 94.  As a proximate result of defendants' willful, knowing, and intentional

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

17

**Exhibit A, Page 29**

1  discrimination against plaintiff, she has sustained and continues to sustain substantial losses in

2  earnings and other employment benefits.

3      95.  As a proximate result of defendants' willful, knowing, and intentional

4  discrimination against plaintiff she has suffered and continues to suffer humiliation, emotional

5  distress, and mental and physical pain and anguish, all to her damage in a sum according to

6  proof.

7      96.  In light of defendants' willful, knowing, and intentional discrimination against

8  plaintiff, plaintiff seeks an award of punitive and exemplary damages in an amount according to

9  proof.

10      97.  Plaintiff has incurred and continues to incur legal expenses and attorney fees.

11  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

12  court to amend this complaint when the amounts are more fully known.

13

14      98.  WHEREFORE, Plaintiff prays for relief as set forth below.

15      **NINTH CAUSE OF ACTION FOR VIOLATION OF 29 U.S.C. SECTIONS**

16      **2601-2654 ET SEQ BY PLAINTIFF AGAINST ALL DEFENDANTS**

17      99.  Plaintiff hereby incorporates by reference each of the preceding allegations as if

18  fully set forth herein.

19      100.  At all times herein mentioned, 29 U.S.C. Sections 2601-2654 et seq. were in

20  full force and effect and were binding on defendants.  These sections require defendants to

21  refrain from discriminating against any employee for taking family medical leave.  Within the

22  time provided by law, plaintiff filed a complaint with the California Department of Fair

23  Employment and Housing and EEOC, in full compliance with these sections, and received right-

24  to-sue letters.

25      101.  During the course of plaintiff's employment, defendants made numerous

26  discriminatory remarks on the basis of plaintiff having taken or taking family medical leave, and

27  after a significant period of wholly satisfactory, competent, and diligent performance to the profit

28  of the defendants, plaintiff was notified by defendants that her request for promotion and/or

**Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.**

18

1  transfer was being denied because of performance problems.  Defendants' claim that plaintiff

2  was being denied a promotion and/or transfer  because of performance problems, however, was a

3  pretext designed to conceal defendants' practice of discriminating against plaintiff on the basis of

4  her having taken family medical leave.

5        102.   Plaintiff believes and thereon alleges that her having taken family medical leave

6  was a factor in way plaintiff has been harassed and otherwise unlawfully treated, as well as

7  defendants' refusal to promote her and/or transfer her, their refusal to give her a salary increase

8  and bonuses that she was promised.  Such unlawful discrimination is in violation of 29 U.S.C.

9  Sections 2601-2654 et seq.  and has resulted in damage and injury to plaintiff as alleged herein.

10        103.   As a proximate result of defendants' willful, knowing, and intentional

11  discrimination against plaintiff, she has sustained and continues to sustain substantial losses in

12  earnings and other employment benefits.

13        104.   As a proximate result of defendants' willful, knowing, and intentional

14  discrimination against plaintiff she has suffered and continues to suffer humiliation, emotional

15  distress, and mental and physical pain and anguish, all to her damage in a sum according to

16  proof.

17        105.   In light of defendants' willful, knowing, and intentional discrimination against

18  plaintiff, plaintiff seeks an award of punitive and exemplary damages in an amount according to

19  proof.

20        106.   Plaintiff has incurred and continues to incur legal expenses and attorney fees.

21  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

22  court to amend this complaint when the amounts are more fully known.

23        WHEREFORE, Plaintiff prays for relief as set forth below.

24                  **PRAYER FOR RELIEF**

25  Plaintiff prays for judgment as follows, including but not limited to:

26      1.   For compensatory damages for losses resulting from humiliation, mental anguish,

27  and emotional distress in an amount to be proven at the time of trial;

28      2.   For losses incurred in earnings, wages, salary, loss of earnings capacity, deferred

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

19

Exhibit A, Page 31

1   compensation and other employee benefits at the prevailing legal rate;

2        3.   For interest on the amount of losses incurred in earnings, loss of earnings capacity,

3   deferred compensation and other employee benefits at the prevailing legal rate;

4        4.   For punitive damages;

5        5.   For damages and interest as liquidated damages;

6        6.   For an order finding and declaring that Defendants' acts and practices as alleged

7   herein violate the Fair Employment and Housing Act;

8        7.   For an order finding and declaring that Defendants' acts and practices as alleged

9   herein violate the Americans with Disabilities Act;

10       8.   For an order finding and declaring that Defendants' acts and practices as alleged

11  herein violate the Rehabilitation Act;

12       9.   For injunctive relief prohibiting Defendants and all those acting in concert with

13  Defendants, from continuing to violate the Fair Employment and Housing Act, the Americans

14  with Disabilities Act, and Rehabilitation Act through the policies and practices alleged herein.

15       10.   For an award of attorneys' fees as provided by Cal. Gov't Code § 12965(b);

16  California Code of Civil Procedure §1021.5, 42 U.S.C. § 12117, and/or other applicable law;

17       11.   For costs and expenses of suit incurred herein;

18       12.   For such other and further relief as the Court may deem just and proper.

19

20  Respectfully Submitted,        ATTORNEYS FOR PLAINTIFF

21

22  Dated: 10/23/13

23                        GOLDBACH LAW GROUP
                          MARC AARON GOLDBACH

24

25

26

27

28

Complaint of Discrimination Under the Provisions of the FEHA, the ADA, and the Rehabilitation Act.

20

Exhibit A, Page 32



STATE OF CALIFORNIA – STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING                    DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 27, 2013

Sonya Paskil
915 Wilshire Blvd., Suite 1950
Los Angeles, CA 90017

RE: 102717-45813  - Bryant Rose - Right To Sue

### NOTICE TO COMPLAINANT'S ATTORNEY

Attached is a copy of your client's complaint of discrimination filed with the Department
of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment
and Housing Act, Government Code section 12900, et seq. Also attached is a copy of
your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.
Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.

Please refer to the attached Notice of Case Closure and Right to Sue for information
regarding filing a private lawsuit in the State of California.

Sincerely,

Department of Fair Employment and Housing

**Exhibit A, Page 33**



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### EMPLOYMENT

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH INQUIRY NUMBER:
102717-45813

COMPLAINANT NAME:
Rose Bryant

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| RESPONDENT NAME: | RESPONDENT ADDDRESS:<br>7515 COLSHIRE DRIVE | TELEPHONE NUMBER: |
|---|---|---|
| The MITRE Corporation, C T<br>CORPORATION SYSTEM | McLean, Virginia, 22102 | |

| AGENT FOR SERVICE: | AGENT FOR SERVICE ADDRESS: | CITY/STATE/ZIP: |
|---|---|---|
| | | |

| NO. OF EMPLOYEES/MEMBERS:<br>1000 | DATE MOST RECENT DISCRIMINATION TOOK PLACE:<br>Mar 27, 2013 | TYPE OF EMPLOYER:<br>Private Employer |
|---|---|---|

CO-RESPONDENT(S):

NAME                                    ADDRESS

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right to sue. I understand that if I want a federal right to sue notice, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure and Right to Sue," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint, I am declaring under penalty of perjury under the laws of the State of California that, to the best of my knowledge, all information contained in this complaint is true and correct, except matters stated on my information and belief, and I declare that those matters I believe to be true.

DATED March 27, 2013 At Redondo Beach      VERIFIED BY:Sonya Paskil, "attorney for complainant"

DFEH-300-030 (07/12)                          DATE FILED: Mar 27, 2013          STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING      MODIFIED: Mar 27, 2013

Page 1/2



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING          DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Mar 27, 2013

Rose Bryant

2402 Clark Lane, Unit A

Redondo Beach, CA 90278

RE: 102717-45813 – Bryant Rose – Right To Sue

Notice of Case Closure and Right to Sue

Dear Rose Bryant:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Mar 27, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,


Department of Fair Employment and Housing


cc: C T CORPORATION SYSTEM , Agent for Service for The MITRE Corporation



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY          GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING          DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 27, 2013

RE: 102717-45813  - Bryant Rose – Right To Sue

Notice of Filing of Discrimination Complaint

Enclosed is a copy of a complaint that has been filed with the Department of Fair
Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962.
Complainant has requested an authorization to file a lawsuit. This complaint is not being
investigated and is being closed immediately.  A copy of the closing letter and right to
sue is enclosed for your records.

NO RESPONSE TO DFEH IS REQUESTED OR REQUIRED.

Please see the next page for the Respondent(s) name and address

Page 1/2

**Exhibit A, Page 36**



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | Videophone (916) 226-5285 | TDD (800) 700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

March 27, 2013

RE: 102717-45813 – Bryant Rose – Right To Sue

### Notice of Filing of Discrimination Complaint

Agent for Service for  The MITRE Corporation
7515 COLSHIRE DRIVE
McLean Virginia 22102

Page 2/2

**Exhibit A, Page 37**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Marc Aaron Goldbach (SBN 139318)<br>Goldbach Law Group<br>6528 Greenleaf Ave., Suite 210<br>Whittier, CA 90601<br>   TELEPHONE NO.: 562-696-0582      FAX NO. *(Optional):* 888-771-5425<br>E-MAIL ADDRESS *(Optional):* marc.goldbach@goldbachlaw.com<br>   ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
   STREET ADDRESS: 111 North Hill Street
   MAILING ADDRESS: 111 North Hill Street
   CITY AND ZIP CODE: Los Angeles 9002
   BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Rosemarie Bryant

DEFENDANT/RESPONDENT: The Mitre Corp.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>BC524951 |

TO *(insert name of party being served):* The Mitre Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 24, 2013

Marc Aaron Goldbach
      (TYPE OR PRINT NAME)

▶ *(signature)*
      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:   November 13, 2013

Steven L. Friedlander
Attorney for The MITRE Corp.
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
    ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *(signature)*
  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| | | Page 1 of 1 |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**Exhibit A, Page 38**

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in San Mateo County, State of California, in the office of a member of the bar of this Court, and at whose direction this service is made. I am over the age of 18 years and not a party to the within action. My business address is SV Employment Law Firm PC, Borel Financial Center, 160 Bovet Road, Suite 401, San Mateo, California 94402. On November 13, 2013, I served the following document on the parties listed below in the manner indicated:

**Acknowledgement of Receipt**

| | |
|---|---|
| ☑ | BY U.S. MAIL – CCP §1013a(1): I am personally familiar with the normal business practice of my employer for the collection and processing of correspondence and other materials for mailing with the United States Post Service. In the ordinary course of business, any materials designated for mailing with the United States Postal Service and placed by me for collection in the office of my employer is deposited the same day with the United States Postal Service. I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Mateo, California. |
| ☐ | BY FACSIMILE – CCP §1013(e): I am personally familiar with the business practice of my employer for collection and processing of documents to be transmitted by facsimile and I caused such document(s) to be transmitted by facsimile to the offices of the addresses listed below. No error report was generated after transmission. |
| ☐ | BY OVERNIGHT MAIL - CCP §1013(c): I am personally familiar with the business practice of my employer for collection and processing of correspondence and other documents for overnight delivery. I caused such document described herein to be deposited for delivery to a facility regularly maintained by FedEx for overnight delivery. |
| ☐ | BY ELECTRONIC MAIL – CCP §1010.6(a)(6): Based on a court order or agreement among the parties to accept service by email or electronic transmission, I caused such document described herein to be sent to the person at the email address listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. |

on the following parties:

| | |
|---|---|
| Marc Aaron Goldbach<br>Goldbach Law Group<br>6528 Greenleaf Avenue, Suite 210<br>Whittier, CA 90601<br><br>Phone: 562.696.0582<br>Fax:    888.771.5425<br>Email: marc.goldbach@glodbachlaw.com | Attorney for Plaintiff,<br><br>Rosemarie Bryant |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 13, 2013, at San Mateo, California.

_Imelda Hernandez_
Imelda Hernandez

1

[TITLE]

CASE NO. BC524951

**Exhibit A, Page 39**

7901

NOTICE S. T TO:

RECEIVED

CONFORMED COPY
OR ORIGINAL FILED
Los Angeles Superior Court

Goldbach Law Group
6528 Greenleaf Avenue, Suite 210
Whitier          CA  90601

NOV 1 2 2013

NOV 0 4 2013

SV EMPLOYMENT LAW FIRM John A. Clarke, Executive Officer/Clerk

By E. Avena, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| ROSEMARIE BRYANT | Plaintiff(s), | BC524951 |
| VS. | | |
| THE MITRE CORPORATION | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for February 26, 2014  at  8:30 am  in  Dept. 50 at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: November 4, 2013

**JOHN L. SEGAL**
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: November 4, 2013

Sherri R. Carter, Executive Officer/Clerk

by _____ **E. Avena** _____, Deputy Clerk

**Exhibit A, Page 40**

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 04 2013

John A. Clarke, Executive Officer/Clerk

By E. Avena, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  |  |
|---|---|
| ROSEMARIE BRYAN<br><br>PLAINTIFF(S)<br><br>VS<br><br>THE MITRE CORPORATION<br><br>DEFENDANT(S) | CASE NUMBER<br><br>BC524951<br><br>ORDER TO SHOW CAUSE FOR FAILURE<br>TO FILE PROOF OF SERVICE |

### ORDER TO SHOW CAUSE

Pursuant to Rules 3.110(b), 3.110(f), and 3.110(i) of the California Rules of Court, the case is set for an order to show cause why monetary sanctions should not be imposed or the case dismissed for failure to file proofs of service for all defendants. The hearing on the order to show cause will be February 26, 2014, 8:30 A.M., Department 50, Stanley Mosk Courthouse, 111 N. Hill Street L.A. CA, 90012.

Counsel for plaintiff or plaintiff in pro per is ordered to give notice of this order, the hearing on the order to show cause pursuant to Rule 3.110, and the initial case management conference stamped on the face of the complaint.

**JOHN L. SEGAL**

Dated   November 4, 2014

JUDGE OF THE SUPERIOR COURT

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the OSC RE Failure to File proof of Service upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope for each address as shown below with the postage thereon fully prepaid.

Dated   November 4, 2014                    John A. Clarke, EXECUTIVE OFFICER


By   E. Avena, Deputy Clerk


ORDER TO SHOW CAUSE FOR
FAILURE TO FILE PROOF OF SERVICE                    Exhibit A, Page 41

CERTIFICATE OF MAILING

*L.A. Superior Court Central*

*Civil Division*



ROSEMARIE BRYANT

    VS.           BC524951

THE MITRE CORPORATION

**Goldbach Law Group**
*Attorney for Plaintiff/Petitioner*
6528 Greenleaf Avenue, Suite 210
Whitter        CA 90601

# Exhibit B

1  STEVEN L. FRIEDLANDER (SBN 154146)
   ERIC G. RUEHE (SBN 284568)
2  SV EMPLOYMENT LAW FIRM PC
   160 Bovet Road, Suite 401
3  San Mateo, CA  94402
   Telephone:   (650) 265-0222
4  Facsimile:   (650) 265-0223
   Email:        sfriedlander@svelf.com
5                eruehe@svelf.com

6  Attorneys for Defendant
   THE MITRE CORPORATION
7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11                    UNLIMITED JURISDICTION

12  | ROSEMARIE BRYANT, | Case No. BC524951 |
    |---|---|
13  | Plaintiff, | |
14  | vs. | **DEFENDANT THE MITRE CORPORATION'S NOTICE OF REMOVAL** |
15  | THE MITRE CORPORATION and DOES 1 through 50, inclusive, | |
16  | | Complaint Filed:  October 23, 2013 |
    | Defendants. | |
17

18  TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF

19  LOS ANGELES:

20          PLEASE TAKE NOTICE that on December 3, 2013, Defendant THE MITRE CORPORATION,

21  filed a Notice of Removal of this action in the United States District Court for the Central District of

22  California.  A true and correct copy of said Notice of Removal (without exhibits) is attached hereto as

23  **Exhibit A** and is served and filed herewith.

24          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446, the filing of said Notice

25  affects the removal of this action to the federal court, and this Court is directed to "proceed no further

26  unless and until the case is remanded." 28 U.S.C. §1446(d).

27

28
                                                          **Exhibit B, Page 43**

8141_  | DEFENDANT'S NOTICE OF REMOVAL                           CASE NO. BC524951

1 | affects the removal of this action to the federal court, and this Court is directed to "proceed no further
2 | unless and until the case is remanded." 28 U.S.C. §1446(d).

3

4 | Dated:  December 3, 2013

Respectfully Submitted,

5

SV EMPLOYMENT LAW FIRM, PC

6

7

8 | By: _____
Steven L. Friedlander

9 | Attorneys for Defendant
THE MITRE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

8141_ | DEFENDANT'S NOTICE OF REMOVAL